## IN THE MIDDLE DISTRICT OF FLORIDA
## UNITED STATES DISTRICT COURT
## ORLANDO DIVISION

**MICHAEL WOODARD, Individually
and on behalf of others similarly situated,**

      **Plaintiff,**                          **Case No.:**

**vs.**

**FLORIDA COMMERCIAL CARE, INC.
and STEPHEN MCDOWELL,**

      **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, MICHAEL WOODARD ("Plaintiff" or "Woodard"), by and through undersigned attorneys, hereby sues the Defendant, FLORIDA COMMERCIAL CARE, INC. and STEPHEN MCDOWELL, individually, and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2.      Venue lies within the United States District Court for the Middle District of Florida, Orlando Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.      At all times material, Plaintiff was a resident of Hillsborough County, Florida.

4.      At all times material, Defendant, FLORIDA COMMERCIAL CARE, INC. ("Florida Commercial Care"), is a for profit corporation, licensed and authorized to conduct business in the State of Florida and doing business within this Judicial District. At all times material

Defendant, FLORIDA COMMERCIAL CARE, was an employer as defined by the laws under which this action is brought.

5.      At all times material, Defendant, STEPHEN MCDOWELL ("McDowell"), is the owner and president of FLORIDA COMMERCIAL CARE, INC.

6.      Defendants, FLORIDA COMMERCIAL CARE, INC. and STEPHEN MCDOWELL, hereinafter are collectively referred to as "Defendants."

## GENERAL ALLEGATIONS

7.      At all times material, Defendants acted with malice and with reckless disregard for Plaintiff's state and federal protected rights.

8.      At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

9.      Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

10.     Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

11.     Plaintiff was hired on or about July 1, 2019, as an Irrigation Tech.

12.     Plaintiff was paid $21.00 per hour.

13.     Plaintiff regularly worked substantial hours in excess of forty (40) hours each work week but was only paid for forty (40) hours.

14.     Plaintiff estimates he worked an average of five (5) to ten (10) overtime hours per week.

15.     Knowing he was regularly working extra hours, Plaintiff called a co-worker regarding how many hours the co-worker was working and was informed that it was approximately

forty (40) to forty-two (42) hours per week.

16.    Plaintiff's co-worker then told their boss, the Irrigation Tech Director, about Plaintiff's phone call and his excess hours of work without compensation.

17.    On or about October 2, 2019, Plaintiff was terminated by the Irrigation Tech Director.

## COUNT I
## FAIR LABOR STANDARD ACT – UNPAID OVERTIME

18.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 17.

19.    At all times material, Defendants, failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of forty (40) hours per work week, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half for the hours in excess of forty (40) that were worked each week.

20.    Defendants failure to pay Plaintiff the required overtime pay was intentional and willful.

21.    As a direct and legal consequence of Defendants unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff, MICHAEL WOODARD, prays for judgment against the Defendants, FLORIDA COMMERCIAL CARE, INC. and STEPHEN MCDOWELL, and for damages as follows:

        a.    Overtime compensation;

        b.    Liquidated damages;

        c.    Prejudgment interest;

d. Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim.

e. Equitable relief declaring and mandating the cessation of Defendants unlawful pay policy; and

f. Such other relief as the court may deem just and proper.

**COUNT II**
**FAIR LABOR STANDARD ACT - RETALIATION**

22. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 17.

23. Plaintiff was terminated from his employment with Defendants as a direct result of, and in retaliation for, him reporting and opposing the above described unlawful conduct.

24. The above described actions of Defendants constitute a violation of the Fair Labor Standard Act, 29 U.S.C. § 215.

25. As a result of the retaliatory actions of Defendants, Plaintiff has suffered damages including lost wages, benefits, and other remuneration, emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

26. As a result of Defendants unlawful acts against Plaintiff, he has and will continue to incur attorney's fees and costs.

**WHEREFORE**, Plaintiff, MICHAEL WOODARD, prays for judgment against the Defendants, FLORIDA COMMERCIAL CARE, INC. and STEPHEN MCDOWELL, for compensatory damages, lost wages and benefits, prejudgment interest, liquidated damages, attorney's fees and costs, and any other damages allowable by law.

**COUNT III**

27. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in

Paragraphs 1 - 17.

28.     At all times material, Defendants employed numerous individuals who were paid in a similar manner to Plaintiff. Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

29.     Throughout their employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

30.     At all times material, Defendants failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

31.     Defendants failure to pay such similarly situated individuals the required overtime pay was intentional and willful.

32.     As a direct and legal consequence of Defendants unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff, MICHAEL WOODARD, prays for judgment against the Defendants, FLORIDA COMMERCIAL CARE, INC. and STEPHEN MCDOWELL, and for damages as follows:

        a.     Overtime compensation;

        b.     Liquidated damages;

        c.     Prejudgment interest;

        d.     Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim.

e.      Equitable relief declaring and mandating the cessation of Defendants unlawful pay policy; and

f.      Such other relief as the court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

33.     Plaintiff requests a jury trial on all issues so triable.

Dated this 8th day of November, 2019.

**FLORIN GRAY BOUZAS OWENS, LLC**

**/s/ Wolfgang M. Florin**
**WOLFGANG M. FLORIN, ESQ.**
Florida Bar No.: 907804
Primary:        wolfgang@fgbolaw.com
Secondary:    daniela@fgbolaw.com
**CHRISTOPHER D. GRAY, ESQ.**
Florida Bar No.: 902004
Primary:        chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
Telephone No.: (727) 254-5255
Facsimile No.: (727) 483-7942
*Trial Attorneys for Plaintiff*