UNITED STATED DISTRIC COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL WOODARD, on behalf of himself
and others similarly situated,

    Plaintiff,

vs.                                          **CASE NO.:  2:19-cv-02772-UA-MRM**

FLORIDA COMMERICIAL CARE, INC.
and STEPHEN MCDOWELL,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, FLORIDA COMMERICIAL CARE, INC. and STEPHEN MCDOWELL, by and through their undersigned counsel, hereby files their Answer and Affirmative Defenses to the Complaint of Plaintiff, MICHAEL WOODARD, and states as follows:

### JURISDICTION

1. Admitted for jurisdictional purposes; otherwise denied.

2. Admitted for jurisdictional purposes; otherwise denied.

### PARTIES

3. Without knowledge; therefore denied.

4. Admitted.

5. Admitted.

6. No response is required for this paragraph.

### GENERAL ALLEGATIONS

7. Denied.

8. Denied, including that Plaintiff was terminated within his probationary period for poor work performance.

9. Without knowledge; therefore denied.

10. No response is required for this paragraph.

## FACTUAL ALLEGATIONS

11. Admitted that Plaintiff was hired as an Irrigation Tech; otherwise denied.

12. Admitted that Plaintiff was paid an hourly rate of pay; otherwise denied.

13. Denied.

14. Denied.

15. Without knowledge; therefore denied.

16. Denied.

17. Denied, including that Plaintiff was terminated within his probationary period for poor work performance.

## COUNT I
## FAIR LABOR STANDARD ACT – UNPAID OVERTIME

18. The Defendants realleges and incorporates by reference their answers to the allegations contained in paragraphs 1 through 17 the same as if repeated verbatim herein.

19. Denied.

20. Denied.

21. Denied.

## COUNT II
## FAIR LABOR STANDARD ACT – RETALIATION

22. The Defendants realleges and incorporates by reference their answers to the allegations contained in paragraphs 1 through 17 the same as if repeated verbatim herein.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and/or law.

2. Plaintiff has failed to comply with his legal duty to mitigate his claimed damages, their entitlement to which is expressly denied.

3. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own actions.

4. With respect to some or all claims brought or allegedly brought by Plaintiff, Defendants affirmatively plead that, even if Defendants were Plaintiff's employer, which they deny, any acts and/or omissions which may be found to be in violation of the rights afforded by the FLSA and/or other applicable law occurred in good faith, were based on reasonable factors, and/or were in conformity with relevant laws and regulations.

5. The damages claimed by Plaintiff are barred to the extent they are speculative in nature.

6. Even if the Defendants were Plaintiff's employer, which they deny, the Complaint fails to state a claim for which liquidated damages may be granted.

7. Plaintiff may not recover some or all of the relief requested in the Complaint because even if Defendants were his employer, which they deny, Defendants did not commit any oppressive, willful, wanton, fraudulent or malicious act or authorize or ratify any such act with respect to Plaintiff, and at all times acted in good faith and with reasonable grounds for believing

it had complied with the FLSA, and Plaintiff has failed to plead facts sufficient to support recovery of such damages.

8. Even if Defendants were Plaintiff's employer, which they deny, all or part of the time for which Plaintiff seek compensation for alleged unpaid hours worked does not constitute compensable time for purposes of the FLSA.

9. Even if Defendants were Plaintiff's employer, which they deny, the Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimus* and therefore is not compensable.

10. Plaintiff's Complaint is barred, in whole or in part, because it requests relief which exceeds that available under applicable law.

11. Plaintiff may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

12. Some or all of the claims in Plaintiff's Complaint are barred by the doctrine of election of remedies.

13. Plaintiff is not entitled to some or all of the relief requested in the Complaint because, even if Defendants were his employer, which they deny, and any unlawful practice(s) occurred, which Defendants deny, such practice(s) was/were not committed, countenanced, ratified or approved by higher management in Defendants' corporate structure.

The Defendant reserves the right to plead, assert and rely on all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiff or otherwise through discovery.

WHEREFORE, Defendants, FLORIDA COMMERICIAL CARE, INC. and STEPHEN MCDOWELL, requests that the Court enter judgment in its favor, awarding costs and reasonable

-5-

attorney's fees incurred in the defense of this claim, and for such other and further relief as the court deems necessary and just.

## JURY DEMAND

The Defendants respectfully demand a jury trial on all issues so triable.

/s/ Eric W. Neilsen
Eric W. Neilsen, Esquire
FBN: 476757
**NEILSEN LAW GROUP, P.A.**
100 2nd Avenue N., Suite 240
St. Petersburg, FL 33701
Telephone: (727) 350-3240
Facsimile: (727) 499-7166
Email: eneilsen@neilsenlawgroup.com
Counsel for Defendants, FLORIDA COMMERICIAL CARE, INC. and STEPHEN MCDOWELL

-6-

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **December 5, 2019**, a true and correct copy of the above and foregoing was filed via CM/EMF which will provide service to: *Attorneys for Plaintiff,* **WOLFGANG M. FLORIN, ESQ.,** Primary: wolfgang@fgbolaw.com; Secondary: daniela@fgbolaw.com) **CHRISTOPHER D. GRAY, ESQ.** (Primary: chris@fgbolaw.com), Florin Gray Bouzas Ownes, LLC, 16524 Pointe Village Drive S., Suite 100, Lutz, FL 33558.

          **/s/ Eric W. Neilsen**
          Eric W. Neilsen, Esquire
          FBN:  476757
          **NEILSEN LAW GROUP, P.A.**
          100 2nd Avenue N., Suite 240
          St. Petersburg, FL 33701
          Telephone: (727) 350-3240
          Facsimile:  (727) 499-7166
          Email:  eneilsen@neilsenlawgroup.com
          Counsel for Defendants, FLORIDA COMMERICIAL CARE, INC. and STEPHEN MCDOWELL

C:\Users\Big Daddy\Desktop\December 2019\Defs Answer and Affirmative Defenses -- FCC.docx